**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

Intellectual Ventures I LLC and
Intellectual Ventures II LLC,

    Plaintiffs,

v.

Motorola Mobility LLC,

    Defendant.
_____/

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC hereby sue Motorola Mobility LLC ("Motorola Mobility") and allege as follows:

## **THE PARTIES**

1. Intellectual Ventures I LLC ("Intellectual Ventures I") is a Delaware limited liability company having its principal place of business located at 3150 139th Avenue SE, Bellevue, Washington, 98005.

2. Intellectual Ventures II LLC ("Intellectual Ventures II") is a Delaware limited liability company having its principal place of business located at 3150 139th Avenue SE, Bellevue, Washington, 98005.

3. Upon information and belief, Motorola Mobility is a Delaware limited liability company with its principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048 as well as substantial operations at 8000 W. Sunrise Blvd., Plantation, Florida 33322. On information and belief, Motorola Mobility has substantial ties to this district. *See*, *e.g.*, *Motorola*

*Mobility, Inc. v. Apple Inc.*, Case No. 10-CV-23580, Dkt. No. 47, which details Motorola Mobility's substantial ties to the district.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1138(a).

5. This Court has general personal jurisdiction over Motorola Mobility because it is engaged in substantial and not isolated activity in this judicial district. This Court has specific jurisdiction over Motorola Mobility because it has committed acts giving rise to this action and has established minimum contacts within this judicial district such that the exercise of jurisdiction over Motorola Mobility would not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Motorola Mobility has conducted business in this district and/or provided services to its customers within this judicial district, and has committed acts of patent infringement within this district giving rise to this action.

## INTELLECTUAL VENTURES AND THE PATENTS-IN-SUIT

7. Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000. Since its founding, Intellectual Ventures has been deeply involved in the business of invention. Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities and other institutions. A significant aspect of

Intellectual Ventures' business is managing the Plaintiffs in this case, Intellectual Ventures I and Intellectual Ventures II.

8. Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do. To date, Intellectual Ventures has acquired more than 70,000 IP assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions. Intellectual Ventures, in turn, has earned more than $3 billion by licensing these patents to some of the world's most innovative and successful technology companies who continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

9. Intellectual Ventures also creates inventions. Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

10. Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world. For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas.

Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 4,000 inventors worldwide.

11. On August 4, 1998, U.S. Patent No. 5,790,793 ("the '793 Patent"), titled "Method and System To Create, Transmit, Receive and Process Information, Including An Address To Further Information," was duly and lawfully issued by the United States patent and Trademark Office ("PTO"). A copy of the '793 Patent is attached hereto as Exhibit A.

12. Intellectual Ventures I is the owner and assignee of all right, title and interest in and to the '793 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

13. On November 14, 2006, U. S. Patent No. 7,136,392 ("the '392 Patent"), titled "System and Method For Ordering Data Messages Having Differing Levels of Priority For Transmission Over A Shared Communication Channel," was duly and lawfully issued by the PTO. A copy of the '392 Patent is attached hereto as Exhibit B.

14. Intellectual Ventures I is the owner and assignee of all right, title and interest in and to the '392 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

15. On September 19, 2000, U.S. Patent No. 6,121,960, ("the '960 Patent"), titled "Touch Screen Systems and Methods," was duly and lawfully issued by the PTO. A copy of the '960 Patent is attached hereto as Exhibit C.

16. Intellectual Ventures II is the owner and assignee of all right, title and interest in and to the '960 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

17. On June 3, 2008, U.S. Patent No. 7,382,771 ("the '771 Patent"), titled "Mobile Wireless Hotspot System," was duly and lawfully issued by the PTO. A copy of the '771 Patent is attached hereto as Exhibit D.

18. Intellectual Ventures II is the owner and assignee of all right, title and interest in and to the '771 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

19. On July 21, 2009, U.S. Patent No. 7,564,784 ("the '784 Patent"), titled "Method and Arrangement For Transferring Information In A Packet Radio Service," was duly and lawfully issued by the PTO. A copy of the '784 Patent is attached hereto as Exhibit E.

20. Intellectual Ventures I is the owner and assignee of all right, title and interest in and to the '784 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

21. On January 2, 2001, U.S. Patent No. 6,170,073 ("the '073 Patent"), titled "Method And Apparatus For Error Detection In Digital Communications," was duly and lawfully issued by the PTO. A copy of the '073 Patent is attached hereto as Exhibit F.

22. Intellectual Ventures I is the owner and assignee of all right, title and interest in and to the '073 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

23. On December 7, 2010, U.S. Patent No. 7,848,353 ("the '353 Patent"), titled "Method, Communication System And Communication Unit For Synchronisation For Multi-Rate Communication," was duly and lawfully issued by the PTO. A copy of the '353 Patent is attached hereto as Exhibit G.

24. Intellectual Ventures II is the owner and assignee of all right, title and interest in and to the '353 Patent and holds the right to sue and recover damages for infringement thereof, including past damages.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 5,790,793

25. Paragraphs 1-24 are reincorporated by reference as if fully set forth herein.

26. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 30 of the '793 Patent by making, using, selling, offering to sell and/or importing products implementing multimedia messaging service ("MMS") technology, including but not limited to the Photon Q 4G LTE, Atrix HD and Electrify M.

27. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility also has and continues to indirectly infringe at least claim 30 of the '793 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of such products in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility has actively induced and continues to induce the infringement of at least claim 30 of the '793 Patent at least by actively inducing the infringing use of such products by third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility knew or should have known that its conduct would induce others to use the MMS functionality in a manner that infringes the '793 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will continue to infringe the '793 Patent in violation of 35 U.S.C. § 271(a) by using the infringing

products. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility through at least its website at https://www.motorola.com, its online user manuals, marketing materials and help materials actively induced its customers to infringe the '793 Patent.

28.   Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility has contributorily infringed and continues to contributorily infringe at least claim 30 of the '793 Patent by importing, selling and/or offering to sell within the United States infringing products that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '793 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system and services.

29.   Intellectual Ventures I has provided written notice via a letter dated June 18, 2013 from counsel for Intellectual Ventures I to Renny Hwang and Brett Roesslein advising Motorola Mobility of its infringement of at least claim 30, and Motorola Mobility also has written notice of its infringement by virtue of the filing and service of this Complaint.

30.   Intellectual Ventures I has suffered damages as a result of Motorola Mobility's infringement of the '793 Patent in an amount to be proven at trial.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 7,136,392

31.   Paragraphs 1-24 are reincorporated by reference as if fully set forth herein.

32.   Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 9 of the '392 Patent by making, using, selling, offering

7

to sell and/or importing products that implement and/or are compliant with the 802.11n Wi-Fi standard, including but not limited to the Photon Q 4G LTE, Atrix HD and Electrify M.

33. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility also has and continues to indirectly infringe at least claim 9 of the '392 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of its products in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility has actively induced and continues to induce the infringement of at least claim 9 of the '392 Patent at least by actively inducing the infringing use of its products by third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility knew or should have known that its conduct would induce others to use the Wi-Fi functionality in a manner that infringes the '392 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '392 Patent in violation of 35 U.S.C. § 271(a) by using the infringing products. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility through at least its website at https://www.motorola.com, its online user manuals, marketing materials and help materials actively induced its customers to infringe the '392 Patent.

34. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility has contributorily infringed and continues to contributorily infringe at least claim 9 of the '392 Patent by importing, selling and/or offering to sell within the United States infringing products that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is

8

informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '392 Patent in violation of 35 U.S.C. § 271(a) by using the infringing products.

35. Intellectual Ventures I has provided written notice via a letter dated June 18, 2013 from counsel for Intellectual Ventures I to Renny Hwang and Brett Roesslein advising Motorola Mobility of its infringement of at least claim 9, and Motorola Mobility also has written notice of its infringement by virtue of the filing and service of this Complaint.

36. Intellectual Ventures I has suffered damages as a result of Motorola Mobility's infringement of the '392 Patent in an amount to be proven at trial.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 6,121,960

37. Paragraphs 1-24 are reincorporated by reference as if fully set forth herein.

38. Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 19 of the '960 Patent by making, using, selling, offering to sell and/or importing products with the Android operating system, including but not limited to the Photon Q 4G LTE, Atrix HD and Electrify M.

39. Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility also has and continues to indirectly infringe at least claim 19 of the '960 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of its products in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility has actively induced and continues to induce the infringement of at least claim 19 of the '960 Patent at least by actively inducing the infringing use of its products by third party users in

the United States.  Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility knew or should have known that its conduct would induce others to use its Android based products in a manner that infringes the '960 Patent.  Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '960 Patent in violation of 35 U.S.C. § 271(a) by using the infringing products.  Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility through at least its website at https://www.motorola.com, its online user manuals, marketing materials and help materials actively induced its customers to infringe the '960 Patent.

40. Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility has contributorily infringed and continues to contributorily infringe at least claim 19 of the '960 Patent by importing, selling and/or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use.  Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '960 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

41. Intellectual Ventures II has provided written notice via a letter dated June 18, 2013 from counsel for Intellectual Ventures II to Renny Hwang and Brett Roesslein advising Motorola Mobility of its infringement of at least claim 19, and Motorola Mobility also has written notice of its infringement by virtue of the filing and service of this Complaint.

42. Intellectual Ventures II has suffered damages as a result of Motorola Mobility's infringement of the '960 Patent in an amount to be proven at trial.

## COUNT IV

## <u>INFRINGEMENT OF U.S. PATENT NO. 7,382,771</u>

43.     Paragraphs 1-24 are reincorporated by reference as if fully set forth herein.

44.     Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 1 of the '771 Patent by making, using, selling, offering to sell and/or importing products that provide Wi-Fi Internet access to other devices (i.e., "hotspot" functionality), including but not limited to the Photon Q 4G LTE, Atrix HD and Electrify M.

45.     Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility also has and continues to indirectly infringe at least claim 1 of the '771 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of such products in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility has actively induced and continues to induce the infringement of at least claim 1 of the '771 Patent at least by actively inducing the infringing use of such products in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility knew or should have known that its conduct would induce others to use the hotspot functionality in a manner that infringes the '771 Patent.  Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '771 Patent in violation of 35 U.S.C. § 271(a) by using the infringing products.  Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility through at least its website at

https://www.motorola.com, its online user manuals, marketing materials and help materials actively induced its customers to infringe the '771 Patent.

46. Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility has contributorily infringed and continues to contributorily infringe at least claim 1 of the '771 Patent by importing, selling and/or offering to sell within the United States infringing systems and services that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '771 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

47. Intellectual Ventures II has provided written notice via a letter dated June 18, 2013 from counsel for Intellectual Ventures II to Renny Hwang and Brett Roesslein advising Motorola Mobility of its infringement of at least claim 1, and Motorola Mobility also has written notice of its infringement by virtue of the filing and service of this Complaint.

48. Intellectual Ventures II has suffered damages as a result of Commerce's infringement of the '771 Patent in an amount to be proven at trial.

## COUNT V

### INFRINGEMENT OF U.S. PATENT NO. 7,564,784

49. Paragraphs 1-24 are reincorporated by reference as if fully set forth herein.

50. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claims 1 and 7 of the '784 Patent by making, using, selling, offering to sell and/or importing all products implementing GPRS and/or compliant with 3GPP GPRS specifications, including but not limited to the Photon Q 4G LTE and Atrix HD.

51. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility also has and continues to indirectly infringe at least claims 1 and 7 of the '784 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of its products in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility has actively induced and continues to induce the infringement of at least claims 1 and 7 of the '784 Patent at least by actively inducing the infringing use of its products by third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility knew or should have known that its conduct would induce others to use GPRS and 3GPP GPRS standard compliant products in a manner that infringes the '784 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '784 Patent in violation of 35 U.S.C. § 271(a) by using the infringing products. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility through at least its website at https://www.motorola.com, its online user manuals, marketing materials and help materials actively induced its customers to infringe the '784 Patent.

52. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility has contributorily infringed and continues to contributorily infringe at least claims 1 and 7 of the '784 Patent by importing, selling and/or offering to sell within the United States infringing products that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '784 Patent in violation of 35 U.S.C. § 271(a) by using the infringing system.

53. Intellectual Ventures I has provided written notice via a letter dated June 18, 2013 from counsel for Intellectual Ventures I to Renny Hwang and Brett Roesslein advising Motorola Mobility of its infringement of at least claims 1 and 7, and Motorola Mobility also has written notice of its infringement by virtue of the filing and service of this Complaint.

54. Intellectual Ventures I has suffered damages as a result of Motorola Mobility's infringement of the '784 Patent in an amount to be proven at trial.

## COUNT VI

### INFRINGEMENT OF U.S. PATENT NO. 6,170,073

55. Paragraphs 1-24 are reincorporated by reference as if fully set forth herein.

56. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claim 35 of the '073 Patent by making, using, selling, offering for sale and/or importing products implementing and/or compliant with at least 3GPP and/or 4G LTE standards, including but not limited to the Photon Q 4G LTE, Atrix HD and Electrify M.

57. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility also has and continues to indirectly infringe at least claim 35 of the '073 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of its products in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility has actively induced and continues to induce the infringement of at least claim 35 of the '073 Patent at least by actively inducing the infringing use of its products by third party users in the United States. Intellectual Ventures I is informed and believes, and thereon alleges, that

Motorola Mobility knew or should have known that its conduct would induce others to use 3GPP and 4G LTE standard compliant products in a manner that infringes the '073 Patent. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '073 Patent in violation of 35 U.S.C. § 271(a) by using the infringing products. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility through at least its website at https://www.motorola.com, its online user manuals, marketing materials and help materials actively induced its customers to infringe the '073 Patent.

58. Intellectual Ventures I is informed and believes, and thereon alleges, that Motorola Mobility has contributorily infringed and continues to contributorily infringe at least claim 35 of the '073 Patent by importing, selling and/or offering to sell within the United States infringing products that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures I is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '073 Patent in violation of 35 U.S.C. § 271(a) by using the infringing products.

59. Intellectual Ventures I has provided written notice via a letter dated June 18, 2013 from counsel for Intellectual Ventures I to Renny Hwang and Brett Roesslein advising Motorola Mobility of its infringement of at least claim 35, and Motorola Mobility also has written notice of its infringement by virtue of the filing and service of this Complaint.

60. Intellectual Ventures I has suffered damages as a result of Motorola Mobility's infringement of the '073 Patent in an amount to be proven at trial.

**COUNT VII**

**INFRINGEMENT OF U.S. PATENT NO. 7,848,353**

61. Paragraphs 1-24 are reincorporated by reference as if fully set forth herein.

62. Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, at least claims 1 and 21 of the '353 Patent by making, using, selling, offering to sell and/or importing products compliant with and/or implementing the LTE standard, including but not limited to the Photon Q 4G LTE, Atrix HD and Electrify M.

63. Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility also has and continues to indirectly infringe at least claims 1 and 21 of the '353 Patent by inducing others to infringe and/or contributing to the infringement of others, including third party users of such products in this judicial district and elsewhere in the United States. Specifically, Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility has actively induced and continues to induce the infringement of at least claims 1 and 21 of the '353 Patent at least by actively inducing the infringing use of such products in the United States. Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility knew or should have known that its conduct would induce others to use its LTE standard compliant products in a manner that infringes the '353 Patent. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '353 Patent in violation of 35 U.S.C. § 271(a) by using the infringing products. Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility through at least its website at https://www.motorola.com, its online user manuals, marketing materials and help materials actively induced its customers to infringe the '353 Patent.

64. Intellectual Ventures II is informed and believes, and thereon alleges, that Motorola Mobility has contributorily infringed and continues to contributorily infringe at least

claims 1 and 21 of the '353 Patent by importing, selling and/or offering to sell within the United States infringing products that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. Intellectual Ventures II is informed and believes, and thereon alleges, that these third parties have infringed and will infringe the '353 Patent in violation of 35 U.S.C. § 271(a) by using the infringing products.

65.     Intellectual Ventures II has provided written notice via a letter dated June 18, 2013 from counsel for Intellectual Ventures II to Renny Hwang and Brett Roesslein advising Motorola Mobility of its infringement of at least claims 1 and 21, and Motorola Mobility also has written notice of its infringement by virtue of the filing and service of this Complaint.

66.     Intellectual Ventures II has suffered damages as a result of Motorola Mobility's infringement of the '353 Patent in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Intellectual Ventures I and Intellectual Ventures II respectfully pray that this Court:

    A. Enter judgment in favor of Intellectual Ventures I that Motorola Mobility has infringed the '793 Patent;

    B. Enter judgment in favor of Intellectual Ventures I that Motorola Mobility has infringed the '392 Patent;

    C. Enter judgment in favor of Intellectual Ventures II that Motorola Mobility has infringed the '960 Patent;

    D. Enter judgment in favor of Intellectual Ventures II that Motorola Mobility has infringed the '771 Patent;

E. Enter judgment in favor of Intellectual Ventures I that Motorola Mobility has infringed the '784 Patent;

F. Enter judgment in favor of Intellectual Ventures I that Motorola Mobility has infringed the '073 Patent;

G. Enter judgment in favor of Intellectual Ventures II that Motorola Mobility has infringed the '353 Patent;

H. Enter judgment that Intellectual Ventures I and Intellectual Ventures II be awarded damages adequate to compensate them for Motorola Mobility's past infringement and any continuing or future infringement of the Patents-in-Suit up until the date such judgment is entered, including pre-judgment and post-judgment interest, costs and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures I and Intellectual Ventures II for Motorola Mobility's infringement, an accounting;

I. Enter judgment that Intellectual Ventures I and Intellectual Ventures II be awarded attorney fees, costs and expenses incurred in prosecuting this action; and

J. Order that Intellectual Ventures I and Intellectual Ventures II be granted such other, different, and additional relief as this Court deems equitable and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs Intellectual Ventures I and Intellectual Ventures II hereby demand trial by jury as to all issues so triable in this civil action.

Dated: June 19, 2013 Respectfully submitted,

s/ Lance A. Harke
Lance A. Harke, P.A.
Florida Bar No. 863599
lharke@harkeclasby.com
Sarah Clasby Engel, P.A.
Florida Bar No. 991030
sengel@harkeclasby.com
Howard M. Bushman, P.A.
Florida Bar No. 0364230
hbushman@harkeclasby.com
**HARKE CLASBY & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone:   (305) 536-8220
Facsimile:   (305) 536-8229

OF COUNSEL:

Ian Feinberg, Esq.
ifeinberg@feinday.com
Elizabeth Day, Esq.
eday@feinday.com
David Alberti, Esq.
dalberti@feinday.com
Clayton Thompson, Esq.
cthompson@feinday.com
Sal Lim, Esq.
slim@feinday.com
Yakov Zolotorev, Esq.
yzolotorev@feinday.com
Marc Belloli, Esq.
mbelloli@feinday.com
Peter Mikhail, Esq.
pmikhail@feinday.com
**FEINBERG DAY ALBERTI & THOMPSON LLP**
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone:   650-618-4360
Facsimile:   650-618-4368
(*pro hac vice* applications forthcoming)

*Counsel for Plaintiff*

19