UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-61358-CIV-ROSENBAUM

INTELLECTUAL VENTURES I, LLC, and
INTELLECTUAL VENTURES II, LLC,

      Plaintiffs,

v.

MOTOROLA MOBILITY, LLC,

      Defendant.
_____/

**ORDER DENYING DEFENDANT MOTOROLA MOBILITY LLC'S MOTION TO TRANSFER VENUE TO THE DISTRICT OF DELAWARE**

This matter is before the Court on Defendant Motorola Mobility, LLC's Motion to Transfer Venue to the District of Delaware [ECF No. 26]. The Court has carefully reviewed the pending Motion, all supporting and opposing filings, and the record in this case. For the reasons set forth below, the Court denies Defendant's Motion.

**I. Background**

In this action, Plaintiffs assert several claims of patent infringement against Defendant. Defendant seeks to transfer the case to the District of Delaware because it avers that the parties are already embroiled in litigation over many of the same patents, and judicial economy warrants that the same forum adjudicate Plaintiffs' present claims. Plaintiffs, by contrast, dispute the purported overlap and contend that Defendant has not met its burden in overcoming Plaintiffs' choice of forum.

**II. Legal Standard**

The transfer statute, 28 U.S.C. § 1404(a), provides that, "[f]or the convenience of the parties

and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or divisions where it might have been brought." The proponent of a transfer of venue bears the burden of demonstrating entitlement. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

Courts employ a two-step process to analyze whether a motion for transfer should be granted. *Precision Fitness Equip., Inc. v. Nautilus, Inc.*, No. 07-61298-CIV, 2008 WL 2262052, *1 (S.D. Fla. May 30, 2008) (citing *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003); *Jewelmasters, Inc. v. May Dep't Stores*, 840 F. Supp. 893, 894-95 (S.D. Fla. 1993) (citing *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19 (1960))). First, the court must assess whether the action could have been brought in the venue to which transfer is sought. *Id.* Second, the court determines whether convenience and the interest of justice "require transfer to the requested forum." *Id.* Courts have broad discretion in determining whether a case should be transferred under this provision. *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1275 (S.D. Fla. 2011); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253-54 (1981) ("District courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of *forum non conveniens*.") (citation omitted)).

An action "might have been brought" in any court that has subject-matter jurisdiction, where venue is proper and where the defendant is amenable to process issuing out of the transferee court. *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citing 15 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 3845 (1976)). Here, the parties assert that this case "might have been brought" in the District of Delaware, and this Court agrees. *See* ECF No. 36 at 8.

Therefore, the Court focuses its analysis on the second venue-transfer inquiry: convenience

and interest of justice. In doing so, the Court takes into consideration the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Motorola Mobility, Inc.*, 804 F. Supp. 2d at 1275-76 (quoting *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002) and citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).

### III. Discussion

Defendant relies exclusively on three factors in support of its Motion. Specifically, Defendant argues that trial efficiency and the convenience of the parties weigh heavily in favor of transfer and that Plaintiffs' choice of forum should be accorded little weight. Because Defendant concedes that the remaining determinants under § 1404 are neutral, the Court addresses only those issues raised by Defendant.

#### A. Trial Efficiency and the Interests of Justice

The main thrust of Defendant's argument is that the majority of the patents at issue in this case are already being litigated in Delaware. ECF No. 26 at 8. As a result, Defendant reasons, proceeding in this action would only duplicate the parties' efforts and open up the possibility of inconsistent judgments. Plaintiffs, however, deny that such an overlap exists. In this regard, Plaintiffs admit that although four of the seven patents in this matter are the subject of pending litigation in Delaware, Defendant is not a party to any of those cases. Moreover, the current

Delaware lawsuit between Plaintiffs and Defendant involves none of the patents asserted here.

Plaintiffs are parties in three relevant lawsuits currently pending in the District of Delaware. In *Intellectual Ventures I, LLC v. Canon, Inc.*, No. 11-cv-00792, Plaintiffs allege infringement of nine patents, one of which is involved in this case; in *Intellectual Ventures I, LLC v. Nikon Corporation*, No. 11-cv-01025, Plaintiffs assert infringement of five patents, one of which is raised in this case; and in *Intellectual Ventures I, LLC v. AT&T Mobility, LLC,* No. 12-cv-00193, Plaintiffs claim infringement of sixteen patents, three of which are at issue in this case. From this, Defendant maintains that Delaware is the more appropriate forum because the "Delaware court has already expended considerable resources coming up to speed on the technology and other issues related to these patents." While the Court acknowledges that resources have been expended in the other lawsuits, the Court is unconvinced that transferring this case would increase trial efficiency and judicial economy. First, the Court disagrees that a "significant overlap" exists between the Delaware actions and this one. Indeed, only a fraction of the patents being litigated in Delaware are at issue in this lawsuit. Moreover, Defendant is not a party to any of the lawsuits, so the fact that those cases involve some of the same patents as this matter does not bear on the facts surrounding Defendant's purported infringement.

Nor does the ongoing litigation between Plaintiffs and Defendant persuade the Court. In *Intellectual Ventures I, LLC v. Motorola Mobility, LLC*, No. 11-cv-00908, the Delaware case between the parties involved in the pending matter, Plaintiffs allege that Defendants infringed six patents. None of those patents are at issue here, however. Thus, aside from the litigants, no overlap exists with respect to the legal and factual issues in dispute. Moreover, trial in that case is already set to commence with respect to three of the disputed patents on January 21, 2014.

Ultimately, Defendant has not demonstrated that trial efficiency would be served by transfer. Defendant emphasizes that maintaining the case in Florida would needlessly duplicate efforts and waste judicial resources. But those same efforts and resources would have to be expended regardless of whether this case is litigated in Delaware or Florida. Defendant insists that it is not seeking to consolidate this case with the Delaware action—and it is questionable whether it would even be able to do so. So, were the Court to transfer the case, the parties would still have to engage in the same discovery efforts, and the Delaware court would nonetheless have to adjudicate the parties' specific factual and legal claims. To satisfy its burden, Defendant must show that any purported gains in judicial efficiency will "*clearly outweigh*" Plaintiffs' choice. *See Carrizosa v. Chiquita Brands Int'l, Inc.*, No. 07-60821-CIV, 2007 WL 3458987, at *4 (S.D. Fla. Nov. 14, 2007) (emphasis added). This Defendant has failed to do.

### B. Convenience of the Parties

Defendant also avers that Delaware is a more convenient forum for the parties because they are already in litigation in Delaware. But aside from the pending lawsuit, Defendant points to no other reason for why Delaware is the more appropriate forum. Although both parties are incorporated in Delaware, Plaintiffs' headquarters are in Washington, and Defendant's principal place of business is in Illinois. And, while Defendant asserts that none of its witnesses or relevant personnel are located in Florida, Defendant also admits that none of those individuals are located in Delaware. *See* ECF No. 26-11 at 14 ("The majority of Motorola's potential witnesses . . . are located in Libertyville, Illinois."); *see also* ECF No. 26 at 14 ("[T]he Motorola personnel responsible for handling and managing its discovery obligations are all located in Libertyville, Illinois, or Califonia.").

Defendant's assertion that Florida is an inconvenient forum lends little support for its position that the case should be transferred to Delaware. In this regard, it is Defendant's burden to show that the transferee district is more suitable for the parties' dispute, not merely that the present forum is inconvenient. *See In re Ricoh Corp.*, 840 F.2d at 573 ("[T]he burden is on the movant to establish that the suggested forum is more convenient."); *see also Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."). Given the fact that the parties, witnesses, and pertinent records are all located outside of Delaware, no indication exists that this matter will be more conveniently litigated there as opposed to Florida. For this reason, this factor does not weigh in favor of transfer.

### C. Plaintiffs' Choice of Forum

Defendant correctly notes that a non-resident plaintiff's choice of forum is generally accorded less weight. However, "a non-resident plaintiff's choice is also not discounted completely." *Carrizosa*, 2007 WL 3458987, at *3. Thus, although the Court accords less deference to Plaintiffs, their decision to bring suit in the Southern District of Florida must nonetheless be viewed in conjunction with the other factors weighing against transfer. Because no countervailing considerations convince the Court that this case should be transferred to Delaware, Plaintiffs' choice of forum stands.

### IV. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to

Transfer Venue to the District of Delaware [ECF No. 26] is **DENIED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 14th day of January 2014.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE